Brad Lee, Esq. [SBN: 221050]
Albert Ng, Esq. [SBN: 312242]
**BRAD LEE, A PROFESSIONAL LAW CORPORATION**
3600 Wilshire Blvd., Suite 2210
Los Angeles, CA 90010
Voice  (213) 384-2448
Fax     (213) 384-7477

Attorneys for Plaintiff,
GILSON KHANG, an individual

FILED
Superior Court of California
County of Los Angeles

APR 09 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Moses Soto

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR LOS ANGELES COUNTY - CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE

Unlimited Jurisdiction

GILSON KHANG, an individual

　　　Plaintiff,

vs.

DAVID WILLIAMS, an individual; and DOES 1 through 100, inclusive,

　　　Defendants.

Case No.:  BC 7 0 1 3 3 5

**COMPLAINT FOR DAMAGES:**

1. **DEFAMATION**
2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
3. **INJUNCTIVE RELIEF**

PLAINTIFF COMPLAINS AND FOR CAUSES OF ACTION ALLEGES AS FOLLOWS:

**GENERAL ALLEGATIONS:**

1.   Plaintiff is an individual and is now, and at all times mentioned in this complaint was, a resident of Seoul, Korea.

2.   Plaintiff has worked as a professor in the Tissue Engineering and Regenerative Medicine program at Chonbuk National University for several years and has been nominated to serve as a President-Elect of the Tissue Engineering and Regenerative Medicine International

Society, Inc. (hereinafter referred to as "TERMIS") for the 2018-2020 term. Plaintiff has resided in Seoul, Korea for several years. Plaintiff has during all this time enjoyed a good reputation, both generally and in his capacity as a professor in academia.

3. Defendant DAVID WILLIAMS (hereinafter referred to as "WILLIAMS"), is an individual and is now, and at all times mentioned in this complaint was, a resident of Winston-Salem, North Carolina.

4. Plaintiff is informed and believes, and thereon alleges that defendant WILLIAMS' defamatory statements were made when he was visiting this jurisdiction.

5. The true names of defendants DOES 1 through 100, inclusive, are unknown to plaintiff at this time. Plaintiff sues those defendants by such fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as DOE is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

6. Plaintiff is informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

## FACTUAL ALLEGATIONS

7. Defendant WILLIAMS failed to follow the procedural guidelines in place that allow for the removal of TERMIS members and instead published a defamatory email to other Members, calling for plaintiff's suspension and removal as President-Elect based on false and disparaging remarks about plaintiff's professional character.

8. Article II Section 5 of TERMIS' bylaws govern the procedures on the Removal of Members. Pursuant to subsection (a): "Where, after due enquiry by the Membership Committee and only upon the request of the Executive Committee, a Member is found by the Governing Board to be guilty of any felonious or criminal act, or disgraceful conduct in any professional respect or otherwise unbecoming a member of the Society, the Governing Bard may resolve to reprimand in

such a manner as the Governing Board sees fit, including, suspending or expelling the offending member from the Society's."

9. More specifically, any complaints or objections to plaintiff's nomination as President-Elect of TERMIS should have been voiced at a Special Meeting, held before the Governing Board with proper notice of said Meeting. Defendant WILLIAMS' status as Past-President of TERMIS does not confer upon him the authority to bypass such procedural mandates and air out his grievances in a private email to select senior members of TERMIS.

10. In pertinent part, Article V Section 3 of TERMIS' bylaws states that "Special meetings of the Governing Board may be called by the President at any time, or by the President or the Secretary upon the written request of a majority of the Governing Board members." Article V Section 4 then explains that, "Notice of the place and time of each meeting of the Governing Board shall be served on each Board member, by Internet mail or by oral, telegraphic or other written notice, duly served on or sent or mailed to him or her at leave five (5) days before the date of the meeting, unless the prior receipt of such notice is waived."

11. Without proper notice of and an actual Special Meeting called before the Governing Board of TERMIS to suspend or terminate plaintiff's position as President-Elect, defendant WILLIAMS' conduct makes him liable for defamation.

## FIRST CAUSE OF ACTION

**(Defamation against defendant DAVID WILLIAMS)**

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11, above, as though fully set forth herein.

13. On or about January 13, 2017 defendants published a letter via electronic mail (hereinafter referred to as "the Letter"), captioned, "CONFIDENTIAL: KTERMS" to members of the Korean Tissue Engineering and Regenerative Medicine Society (hereinafter referred to as "KTERMS"), falsely alleging that plaintiff plagiarized "several papers in the KTERMS Journal" and that plaintiff "appeared to be under the influence of alcohol on several formal occasions [w]ithout proper evidence…"

14. The Letter referred to plaintiff by name throughout, was made of and concerning plaintiff, and was so understood by those who read the Letter.

15. Plaintiff learned of the Letter when he visited Los Angeles, California in October 20, 2017.

16. The entire statement that plaintiff plagiarized "several papers in the KTERMS Journal" is defamatory in the sense that it damages plaintiff's professional reputation, despite the fact that the matter was resolved long before plaintiff was elected to serve as President-Elect of TERMIS.

17. Additionally, defendants' allegation that plaintiff "appeared to be under the influence of alcohol on several formal occasions [w]ithout proper evidence..." is completely erroneous and admittedly unsupported by any factual basis, as stated by the defendant-declarant DAVID WILLIAMS.

18. The Letter is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy because it disgraces his name and professional reputation amongst his peers and others within the TERMIS organization.

19. The Letter was seen and read on or about January 13, 2017 by Professors Inho Jo, Gunil Im, and other Senior/members of KTERMS.

20. As a proximate result of the above-described publication, plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in a total amount of $5,000,000.00.

21. The above-described publication was not privileged because it was published by defendants with malice, hatred, and ill will toward plaintiff and the desire to injure him, in that defendants had exposed a desire to suspend plaintiff's position as President-Elect of TERMIS. Because of defendants' malice in publishing, plaintiff seeks punitive damages as well, in a total amount to be established by proof at trial.

## SECOND CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress against defendant DAVID WILLIAMS)**

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 19, above, as though fully set forth herein.

23. Defendant WILLIAMS' conduct of making false and defamatory statements about plaintiff was intentional, outrageous, malicious, and done with ill will and with the intent to injure plaintiff, as evidenced by defendant's admission that his accusations were "[w]ithout proper evidence."

24. As a direct and proximate result of WILLIAMS' conduct, he caused injury to plaintiff's professional reputation and standing amongst his peers and has jeopardized his position as President-Elect of the global organization known as TERMIS.

25. Defendant WILLIAMS' conduct was also so severe and outrageous that as a further direct and proximate result, it was a substantial factor in causing plaintiff to suffer mental anguish and emotional distress. Plaintiff is therefore entitled to recover punitive damages as well.

### THIRD CAUSE OF ACTION

**(Injunctive Relief Against defendant DAVID WILLIAMS)**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above, as though fully set forth herein.

27. This Court has jurisdiction to grant injunctive relief on behalf of plaintiff pursuant to California Code of Civil Procedure sections 525 and 526.

28. Plaintiff is without a plain, speedy and adequate remedy in the ordinary course of law to compel defendant to refrain from making false and defamatory statements about his professional and personal character.

29. Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enjoins the defendant from continuing his libelous conduct.

30. Defendant's illegal conduct is ongoing and threaten to be continued in the future.

31. An actual controversy has arisen between plaintiff and defendant in that plaintiff contends defendant has no right nor privilege to falsely defame his professional reputation and character amongst his peers.

//

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for:

1. Compensatory damages of $5,000,000.00 or an amount according to proof;
2. Preliminary and permanently enjoin defendant from illegally making false and defamatory statements about his professional character;
3. Punitive damages;
4. Interest as allowed by law;
5. Costs of suit; and
6. Such other and further relief as this court may deem just and proper.

Respectfully submitted,

Dated: April 4, 2018      **BRAD LEE, A Professional Law Corporation**

*/s/ Brad Lee*

Brad Lee, Esq.
Albert Ng, Esq.
Attorneys for Plaintiff, GILSON KHANG